IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON MITCHELL, )<br>)<br>          Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF PLANO; CITY OF YORKVILLE, )<br>KENDALL COUNTY SHERIFF'S OFFICE, )<br>OFFICERS JOHN BEERY, ROBERT )<br>HERNANDEZ; ANTHONY )<br>JOURTAS; SHAWN BARKS; AARON SMITH; )<br>LT. WHOWELL; TOM ROMANO, TRISH )<br>HUTSON; SUSAN NELSON; UNKNOWN )<br>INDIVIDUALS TO BE NAMED THROUGH )<br>DISCOVERY, )<br>          Defendants. ) | No. 16 CV 7227<br><br>Hon. Edmond E. Chang |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HUTSON'S MOTION TO DISMISS AMENDED COMPLAINT**

    Defendant, Trish Hutson, by and through her attorneys, James L. DeAno and Debra Harvey of DeANO & SCARRY, LLC., submit the following memorandum of law in support of her Motion to Dismiss the Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6).

**INTRODUCTION**

    On September 27, 2016, Plaintiff filed her Second Amended Complaint. The claims Plaintiff brings are:

    (1) § 1983 Deprivation of Constitutional Right to Freedom of Speech (Count I),

    (2) § 1983 Deprivation of Equal Protection (Count II),

    (3) § 1983 Deprivation of Due Process (Count III),

    (4) § 1983 Fourth Amendment Unlawful Seizure (Count IV),

1

(5) False Light Invasion of Privacy (Count V),

(6) Defamation (Count VI),

(7) Intentional Infliction of Emotional Distress (Count VII),

(8) False Arrest and Imprisonment (Count VIII)

(9) Malicious Prosecution (Count IX),

(10) *Respondeat Superior* (Count X), and

(11) Indemnification (Count XI)

For the reasons stated below, Defendant Hutson hereby moves to dismiss all of the counts.

**GENERAL ALLEGATIONS OF SECOND AMENDED COMPLAINT**

Plaintiff's alleges that following the arrest of her son and her subsequent complaints about that arrest, defendants embarked on a campaign to harass and/or intimidate her. Plaintiff alleges that defendant Hutson, her neighbor in Plano, initiated false complaints with the Plano police which led to Plaintiff's arrest, charges and/or an order of protection against Plaintiff. Plaintiff's arrest was published in a local newspaper.

As set forth in greater detail below, the Second Amended Complaint should be dismissed as to Defendant Hutson because:

(1) Ms. Hutson did not act under color of law and therefore can not be liable on any § 1983 claim,

(2) Plaintiff's claims accruing prior to July 14, 2014 are barred by the statute of limitations,

(3) Plaintiff has not sufficiently pled the elements of false arrest, false imprisonment, false light, malicious prosecution, the intentional infliction of emotional distress and/or defamation claims,

## STANDARD OF REVIEW

Under Federal Rules of Civil Procedure 12(b)(6), upon motion of a party, a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must state a claim that is "plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Facial plausibility has been established when the plaintiff has plead a set of facts that would allow the court to make a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Igbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). At the pleading stage, factual allegations in the complaint are accepted as true. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). However, allegations that are mere legal conclusions are insufficient to survive a motion to dismiss under Rule 12(b)(6). *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), citing *Igbal*, 556 U.S. at 678.

## ARGUMENT

It is submitted by Defendant Hutson that Plaintiff's Second Amended Complaint should be dismissed for the same reasons the First Amended Complaint was dismissed. In dismissing the First Amended Complaint, the Court painstakingly identified with specificity the flaws in that pleading and granted Plaintiff the opportunity to re-plead her

3

claims, mindful of the court's findings. Yet, the Second Amended Complaint reflects the same defects as the prior pleading. Plaintiff repeats her assertions with the same lack of clarity and disorganization present in the First Amended Complaint. Even construed in a light most favor to Plaintiff, the substance and chronology of the narrative contained in the Second Amended Complaint are incomprehensible due to a fragmentary and disjointed presentation.

## I. DEFENDANT HUTSON IS NOT ALLEGED TO HAVE ACTED UNDER COLOR OF LAW AND THEREFORE COUNTS I, II, III and IV SHOULD BE DISMISSED

**COUNTS I, II, III and IV**

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege she suffered constitutional deprivations committed by a person acting under color of state law. 42 U.S.C. § 1983 provides: "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subject, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983. Section 1983 does not apply to actions undertaken by private individuals not cloaked in the authority of the state. *Jackson v. Int'l Bhd. of Teamsters, Local Union No. 705*, 2002 U.S. Dist. LEXIS 22345, 7 (N.D. Ill. 2002), citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598 (1970).

Plaintiff brings Counts I (Deprivation of Constitutional Right to Freedom of Speech), II (Deprivation of Equal Protection), III (Deprivation of Due Process) and IV (Fourth Amendment Unlawful Seizure) pursuant to Section 1983, but has not alleged that

Defendant Hutson acted under color of law. To the contrary, Plaintiff's allegations establish that Hutson acted in an individual capacity and not under color of law. (Second Am. Compl. ¶¶ 17 and 83). As such, Counts I, II, III and IV as alleged should be dismissed as to Defendant Hutson.

Defendant Hutson requests that the court opt not to exercise its supplemental jurisdiction over Plaintiff's state claims in the event that the federal claims against Hutson are dismissed. 28 U.S.C.A. § 1367(c)(3) There is no reason why Plaintiff can not pursue these claims in state court where she has similar experience as a litigant. *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007)

## II. PLAINTIFF'S FALSE LIGHT, DEFAMATION, INFLICITON OF EMOTIONAL DISTRESS, FALSE LIGHT, FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS AND FAIL TO STATE A CAUSES OF ACITON

**COUNTS V, VI, VII, VIII AND IX**

The statute of limitations applicable to Plaintiff's state based claims in Counts V (False Light), VI, (Defamation), VII (Intentional Infliction of Emotional Distress), VIII (False Arrest and Imprisonment) and IX (Malicious Prosecution) is two years from accrual of the cause of action, and for a false arrest the claim accrues on the date of the arrest. *Wallace v City of Chicago*, 440 F3d 421, 427 (7th. Cir. 2006). The Court dismissed the state claims raised in the First Amended Complaint citing Plaintiff's failure to set forth a coherent recitation of incidents occurring within the limitations period. For the same reason, these claims are barred by the statute of limitations. The only new factual allegations appearing in the Second Amended Complaint make reference to incidents

5

occurring in August and September of 2017. (Second Am. Compl. pars. 30-32). Plaintiff's admits, however, that charges stemming from those incidents are still pending and Plaintiff has not alleged that the proceedings brought pursuant to such charges terminated in her favor. (Second Am. Compl. pars. 37)

As to the false arrest and malicious prosecution claims (Counts VIII and IX), absent an allegation that charges terminated in Plaintiff's favor, they can not stand. *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996) and *Logan v Caterpillar Inc.,* 246 F3d 912, 921-22(7th Cir. 2001*).* Plaintiff has also failed to allege facts indicative of malice on the part of Defendant Hutson. Plaintiff's failure to sufficiently allege these essential elements should result in the dismissal of the false arrest and malicious prosecution claims.

With regard to the defamation claim (Count VI) and the false light invasion of privacy claim (Count V), plaintiff fails to allege the specific statement uttered by Defendant Hutson which defamed Plaintiff and/or placed her in a false light. Illinois law provides a one-year statute of limitations for defamation actions and absent a specific allegation of the statement made by Hutson on a particular date, the defamation claim should be dismissed. 735 ILCS 5/13-201. Moreover, any statements made by Hutson in the context of the legal proceedings referenced in Plaintiff's Second Amended Complaint are absolutely privileged and can not serve as the basis for a defamation claim or false light claim. See, *Defend v Lascelles,* 500 N.E.2d 712, 714 (1986). In addition, the amended pleading fails to allege that anything that was revealed publically was false or otherwise portrayed Plaintiff in a false light.

As to the Intentional Infliction of Emotional Distress claim in Count VII, Plaintiff's allegations fall far short of the sinister conduct required to support such a claim. The

6

extreme and outrageous conduct which must be pled does not include "'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities"; instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 at 492 (7th Cir. 2001) In *Nugent v Hayes,* allegations that defendants concealed exculpatory evidence and intentionally misled a grand jury to get the plaintiff indicted for murder were insufficiently extreme and outrageous to sustain a claim for intentional infliction of emotional distress. 88 F. Supp. 2d 862, 869 (N.D. Ill. 2000). The allegations of Plaintiff's Second Amended Complaint reveal an unfortunate but all too frequent neighborhood squabble. Moreover, **a**mong the factors considered by Illinois courts in determining whether conduct is objectively extreme and outrageous in particular cases are the degree of power or authority the defendant holds over the plaintiff and whether the defendant knew the plaintiff was particularly susceptible to emotional distress and acted inappropriately despite that knowledge. *Honaker v. Smith*, 256 F.3d 477, 490 at 492 (7th Cir. 2001) The Second Amended Complaint fails to meet this standard.

### III.  COUNT X (RESPONDEAT SUPERIOR) and XI (INDEMNIFICATION)

Neither Count X nor XI are directed against Defendant Hutson.

### **CONCLUSION**

For the reasons set forth above, Defendant Trish Hutson, respectfully requests that this Honorable Court grant this motion and dismiss Plaintiff's Second Amended Complaint with prejudice and that the court decline to exercise its supplemental jurisdiction over the state claims in Counts V, VI, VII, VIII and IX in the event that Defendant Hutson is dismissed from the Federal claims in Counts I, II, III and IV.

        Respectfully submitted,

        DEANO & SCARRY, LLC

        s:/ James DeAno

        By: One of Defendants' Attorneys

James L. DeAno
Debra Harvey
DeANO & SCARRY, LLC
53 W. Jackson Blvd.
Suite 1610
Chicago, IL 60604
(630) 690-2800
Fax: (312) 564-4125