UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

Sharon Mitchell  Plaintiff                                Case No:  16-cv-7227

v.                                                        Judge Edmond E. Chang

City Of Plano, Trish Hutson, Anthony Jourtas,
Aaron Smith                                               Jury Trial Demanded

**PLAINTIFF'S' MOTION TO FILE FOR AN EXTENSION OF TIME TO SET AN ANSWER DEADLINE AND THE DISCOVERY SCHEDULE TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

1. NOW COMES Plaintiff, Sharon Mitchell, Pro se, request this Honorable Court grant Plaintiffs Motion for an Extension Of Time to set an answer deadline and the discovery schedule and states as follows:

2. Plaintiff filed an original complaint with this Honorable Court July 14, 2016 listing the above as Defendants[1]:Plano Police Department, City of Plano, Plano City Zoning and Enforcement, John Beery, Robert Hernandez, Anthony Jourtas, Shawn Barks, Aaron Smith, Lt. Whowell, Tom Romano, Trish Hutson and unknown individuals.

3. On August 10, 2018, this Honorable Court and it's Opinion and Order stated as follows:

4. Defendant Nelson's motion [92] to dismiss is granted, and the other dismissal motions [71] [77] are granted in part and denied in part.

5. The remaining claims are (1) Fourth Amendment unlawful search claim against Jourtas based on the Fall 2015 search of Plaintiff's vehicle, see Second Am. Compl. Paragraph 45; (2) Fourth Amendment and state law false arrest claims against Hutson and Smith based on September 2017 trespassing arrest, see id. Paragraph 36; (3) malicious prosecution claim against Hutson for the citation arising from the incident described in Second Amended Compl. Paragraph 3; (4) the indemnification claims against the City of Plano based on the surviving claims against Jourtas and Smith; and (5) the respondeat superior claim against the City of Plano based on the state law false arrest claim against Smith.

6. All other claims and Defendants are dismissed. The Clerk's Office shall terminate all Defendants except: City of Plano; Anthony Jourtas; Aaron Smith; and Trish Hutson . The dismissal of all the other claims is with prejudice.
7. Approximately 2 hours after the Court's ruling, August 10, 2018, Defendant Hutson obtained a No Probable Cause Arrest Warrant for Plaintiff's arrest which was granted. Plaintiffs bond was set at $60,000. Plaintiff went to bond review August 11, 2018 and the bond was decreased to $30,000.
8. Plaintiff was unable to post bond and was scheduled for a bond reduction hearing, August 14, 2018. Even though the state agreed to waive notice at the August 10, 2018 hearing, at the August 14th, the state declined to waive notice and a new date was set for August 16. The judge denied the bond reduction and Plaintiff was remanded to jail.
9. While at jail, Plaintiff was kept in solitary confinement for 24 hours per day without any access to phone nor writing materials to contact anyone to post a bond. The judge entered an Order requiring Plaintiff to contact family and friends to post bond. The public defender, Courtney, was appointed to represent Plaintiff.
10. On the judge's Order, Courtney, wrote Plaintiff was allowed to make ONE phone call to EITHER her daughter or son at the jails expense which caused problems. The judge did not intend for Plaintiff to make just ONE phone call nor did he specify the individuals who were to be contacted. Courtney, cooperating with the state and corrections, intentional submitted that order for the judge's signature.
11. When Plaintiff was taken back to Kendall County jail, Plaintiff gave the Order to the corrections staff and each would say either "I need to contact my supervisor" , "where busy booking and when done we will let you use the phone", "read the Order stating only ONE phone call was allowed and if I couldn't get in contact there would be no phone call" amongst other excuses.
12. Even though, by law, it's mandatory that detainees are given access to correspond with individuals on the outside via phone and/or mail I was not given any materials in which to contact individuals who would be able to help me. Therefore, I was unable to have my bond posted until August 18, 2018 which left me with 9 days in which I had to set an answer deadline and discovery schedule.
13. During the time of incarceration, I had an appointment with the District Court's Pro se help desk and Prairie state legal services to seek assistance with the filing of an answer and discovery schedule. Due to my being unable to keep the appointment, I had to

reschedule and the next appointment available is in late September which is beyond the deadline.

14. .Upon being released, I submitted an email to Defendants requesting if we can come to some type of resolution. The only Defendant who replied was the Plano Defendants Counsel and my request was denied and they intend to continue litigation. Hutsons' counsel never responded.

15. In addition, I have a criminal court date, August 28, 2018 with Defendant Hutson, in which I had to proceed Pro se. Even though the Motions were timely filed and if the outcome was favorable I would not have to appear in court. It's my opinion, based on the Motions I've filed, which would affect the outcome of the hearing, the Court has not decided on any of them and scheduled them to be heard August 28, 2018, I will be incarcerated again.

16. During the pendency of this litigation, I requested the Court appointment Counsel, via Motion and in open court, both were denied without prejudice. The reasons were set forth in R. 23, as well as the Honorable Court's Opinion provided specific deficiencies in the amended complaint, and the Court will continue to expansively construe the pro se filings. The Court reminded Plaintiff of the availability of the Pro Se Help Desk [57].

17. As part of the Court's denial of Plaintiff's appointment of Counsel was due to Plaintiff having somewhat successfully filing another complaint and aware of the legal terms. I have not been able to receive assistance nor pay an attorney who is knowledgeable regarding federal litigation nor do I have the knowledge to continue with this stage of the process without the assistance of knowledgeable counsel in federal laws at this stage of the proceedings.

18. **WHEREFORE** Plaintiffs request this Honorable Court to grant the following relief:
    a. Extend the due date to set an answer deadline and the discovery schedule until late September or early October.
    b. Appoint Counsel to assist me in further litigation with this proceeding
    c. Any and all remedies available.

_/s/_Sharon Mitchell_____
Plaintiff Pro Se
3105 Hoffman Street
Plano, IL 60545